FILED
18-0351
5/22/2020 2:53 PM
tex-43191677
SUPREME COURT OF TEXAS
BLAKE A. HAWTHORNE, CLERK

# IN THE SUPREME COURT OF TEXAS

═══════════════

NO. 18-0351

═══════════════

UNIVERSITY OF THE INCARNATE WORD, PETITIONER,

v.

VALERIE REDUS, ET AL., RESPONDENTS

═══════════════════════════════════════════════

ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE FOURTH DISTRICT OF TEXAS

═══════════════════════════════════════════════

**Argued December 4, 2019**

CHIEF JUSTICE HECHT, dissenting.

The Legislature has authorized "[t]he governing boards of private institutions of higher education . . . to employ and commission peace officers for the purpose of enforcing . . . state law on [their] campuses . . . and state and local law . . . at [certain] other locations".[1] Like public police departments, private university police departments are regulated by the Texas Commission on Law Enforcement. A university must apply for Commission approval to create a police department and must include in its application detailed information about its resources, capabilities, and policies.[2] A private university peace officer must be sworn and commissioned as a publicly employed peace

---

[1] TEX. EDUC. CODE § 51.212(a)(1)–(2).

[2] 37 TEX. ADMIN. CODE § 211.16; *see Univ. of the Incarnate Word v. Redus*, 518 S.W.3d 905, 910 (Tex. 2017) (*Redus I*).

officer is[3] and "is vested with all the powers, privileges, and immunities of peace officers" while acting within the officer's jurisdiction.[4] Police work is a governmental function,[5] and as the Court has held earlier in this litigation, a private university police department "is a governmental unit for purposes of law enforcement".[6] But the Court holds that while a public police department has governmental immunity from suit, a private university police department does not. I respectfully dissent.

The Court reasons that "[a]s a private entity, the University does not act as an arm of the State in its overall operations" and that sovereign immunity's historical justifications do not support extending the doctrine to the University of Incarnate Word here.[7] But the fact is that private entities are sometimes immune from suit  like private charter schools, for example  as the Court recognizes, so private university police departments may be too. The issue is not whether private *universities* should have sovereign immunity but whether private university *police departments*, as distinct operations, should have the same immunity as city police departments have, with the same, sworn, licensed peace officers, doing the same law enforcement work, even though the city has no

---

[3] TEX. EDUC. CODE § 51.212(c) ("Any officer assigned to duty and commissioned shall take and file the oath required of peace officers . . . ."); TEX. OCC. CODE § 1701.301 (requiring peace officers to be licensed by the Texas Commission on Law Enforcement); 37 TEX. ADMIN. CODE § 223.2(a), (c) (authorizing the Texas Commission on Law Enforcement to impose monetary penalties on a law enforcement agency that violates its rules, including penalties for employing unlicensed peace officers); *see Redus I*, 518 S.W.3d at 910.

[4] TEX. EDUC. CODE § 51.212(b).

[5] *See* TEX. CIV. PRAC. & REM. CODE § 101.0215(a)(1).

[6] *Redus I*, 518 S.W.3d at 911.

[7] *Ante* at 2.

immunity for other, proprietary functions. The Court repeats its mantra, as it has become bound to do in every immunity case, that it is for the Judiciary to decide the existence of immunity and the Legislature to decide its waiver. The observation might become relevant if the Court ever refused to recognize immunity the Legislature insisted on conveying, but that is certainly not this case. "This case presents a boundary question", the Court says,[8] but it simply doesn't.

Two inquiries are determinative. One is whether "the governing statutory authority demonstrates legislative intent to grant an entity the nature, purposes, and powers of an arm of the State government".[9] The other is whether private university police department immunity "satisf[ies] the political, pecuniary, and pragmatic policies underlying our immunity doctrines."[10] Neither yields a certain answer.

As for the first, the governing statutory authority is § 51.212 of the Education Code, which authorizes private universities to create police departments. The Court notes that § 51.212 is silent on the subject of governmental immunity. But silence is just that: silence. It could mean that the Legislature did not mention governmental immunity because it did not mean for private university police departments to have it. Or the Legislature may have been silent on the subject for the same reason it initially was silent on the subject with charter schools    that it should have been obvious to all. Months after the Court held that charter schools were governmental entities entitled to an

---

[8] *Ante* at 7.

[9] *Ben Bolt Palito Blanco Consol. Indep. Sch. Dist. v. Tex. Political Subdivisions Prop./Cas. Joint Self Ins. Fund*, 212 S.W.3d 320, 325 (Tex. 2006) (quoting *Harris Cty. Flood Control Dist. v. Mann,* 140 S.W.2d 1098, 1101 (1940) (internal quotation marks omitted)).

[10] *Rosenberg Dev. Corp. v. Imperial Performing Arts, Inc.*, 571 S.W.3d 738, 750 (Tex. 2019).

3

interlocutory appeal,[11] just as we have done in this case with university police departments, the Legislature firmly and expressly gave charter schools the same immunity as public schools.[12] The silence of § 51.212 on the subject is no more informative of legislative intent than was the initial silence in the charter school statutes.

There are two other indicators of legislative intent in § 51.212. One is that a peace officer hired by a private university has the same immunity as all peace officers — namely, official immunity.[13] The Court reads this grant of official immunity as a denial of any other immunity. But the grant of official immunity is to make clear that private university peace officers are not in some lesser category. Private university police department peace officers must be commissioned by the State, just like all peace officers, and have the same duties as all peace officers.[14] The stronger inference is not that private university police departments and city police departments are alike in only that one way, but that they are alike in every way, that one in particular.

The other indicator of legislative intent is § 51.212(f), which states: "A campus police department of a private institution of higher education is a law enforcement agency and a governmental body for purposes of [the Public Information Act] only with respect to information relating solely to law enforcement activities." The Court reads this provision as limiting the ways in which a private university police department functions as a governmental body. The better reading

---

[11] *Honors Acad., Inc. v. Tex. Educ. Agency*, 555 S.W.3d 54, 64–65 (Tex. 2018).

[12] *See* Act of May 29, 2015, 84th Leg., R.S., ch. 922, § 1, 2015 Tex. Gen. Laws 3187 (amending TEX. EDUC. CODE § 12.1056).

[13] *See* TEX. EDUC. CODE § 51.212(b).

[14] *See id.* § 51.212(c); TEX. OCC. CODE § 1701.301.

4

is that § 51.212(f) assumes that a private university police department is a governmental body for all purposes and just clarifies how the Public Information Act would apply.

This better reading of § 51.212 shows at least some legislative intent that private university police departments share the same governmental immunity all police departments have. Yet there are two other indications of legislative intent outside that statute. One is that private university police departments are subject to State regulation by the Texas Commission on Law Enforcement, and peace officers are subject to training requirements and discipline imposed by the State. The Court simply ignores this fact despite recognizing it when the case was last before us.[15] Private university peace officers are employed and paid by the university and are subject to its day-to-day control, but they are also subject to State regulation, like all peace officers. The other indication of legislative intent is that private university police departments are a key part of State law enforcement. We are told that in Texas there are 22 private university police departments besides the University of the Incarnate Word's: Abilene Christian University, Austin College, Baylor University, Concordia University Texas, Criswell College, Dallas Theological Seminary, Hardin Simmons University, Houston Baptist University, Howard Payne University, LeTourneau University, University of Mary-Hardin Baylor, Our Lady of the Lake University, Rice University, Southern Methodist University, St. Edwards University, St. Mary's University, St. Thomas University, Texas Christian University, Texas Lutheran University, Trinity University, University of Dallas, and Wayland Baptist University. In deciding whether charter schools were governmental units like public schools, perhaps the most

---

[15] *See Redus I*, 518 S.W.3d 905, 910 (Tex. 2017).

important consideration was that they were an integral, important part of the State school system. Private university police departments play the same role in State law enforcement.

Litigation over charter schools' immunity from suit is remarkably similar to this litigation over private university police departments' immunity.[16] LTTS Charter School, like the University of the Incarnate Word in this case, asserted a plea of immunity from suit, which the trial court denied. The courts of appeals in both cases dismissed the interlocutory appeals for lack of jurisdiction. In both cases, we reversed and remanded for a determination of the plea on the merits.[17] The court of appeals in LTTS' case held that charter schools have immunity from suit, and we denied the petition for review.[18]

The Court argues that charter schools are different for four reasons, none persuasive. First, the Legislature has stated explicitly that charter schools are "part of the public school system of this state"[19] but has not stated that private university police departments are part of the State's system of law enforcement. But the Legislature need not state what is undeniably true. No one questions that private university police departments play an important role in State law enforcement. Second, the Legislature has expressly stated its extension of immunity to charter schools in § 12.1056 of the

---

[16] *See LTTS Charter Sch., Inc. v. C2 Constr., Inc.*, 342 S.W.3d 73 (Tex. 2011).

[17] *See Redus I*, 518 S.W.3d at 911 ("As we did in *LTTS Charter School*, we leave undecided the separate issue of whether UIW is immune from suit. . . . We reverse the court of appeals' judgment and remand for it to resolve UIW's interlocutory appeal." (cleaned up) (quoting *LTTS Charter School*, 342 S.W.3d at 78 n.44)); *LTTS Charter School*, 342 S.W.3d at 82 (reversing the court of appeals' judgment dismissing the school's appeal and remanding for a determination of the school's immunity from suit).

[18] *See LTTS Charter Sch., Inc. v. C2 Constr., Inc.*, 358 S.W.3d 725, 745 (Tex. App.—Dallas 2011, pet. denied).

[19] TEX. EDUC. CODE § 12.105.

Education Code,[20] which it has not done for private university police departments in § 51.212. But that express statement came *after* the court of appeals had held on remand that charter schools have immunity from suit, and *after* this Court had denied the petition for review.[21] The legislative statement played no role in the judiciary's determination that charter schools are immune from suit. The absence of a similar legislative statement for private university police departments should be as unimportant to the analysis in this case as it was in *LTTS Charter School*.

Next, the Court points out that charter schools operate under a State contract, or charter, that requires regulatory oversight and can be revoked. Of course, private university police departments are regulated by the Texas Commission on Law Enforcement and can be penalized for failure to follow the Commission's rules. Finally, the Court notes that charter schools are State-funded while university police departments are not. But that fact alone is no reason to think that private university police departments either do or do not have immunity from suit.

The Court further concludes that extending sovereign immunity to private university police departments does not "further the doctrine's purposes", which it identifies as "protecting the separation of government power and preserving the public treasury".[22] Exposing private university police departments to suit and liability for their law enforcement activities will burden the public

---

[20] *Id.* § 12.1056(a) ("In matters related to operation of an open-enrollment charter school, an open-enrollment charter school or charter holder is immune from liability and suit to the same extent as a school district, and the employees and volunteers of the open-enrollment charter school or charter holder are immune from liability and suit to the same extent as school district employees and volunteers. A member of the governing body of an open-enrollment charter school or of a charter holder is immune from liability and suit to the same extent as a school district trustee.").

[21] Act of May 29, 2015, 84th Leg., R.S., ch. 922, § 1, 2015 Tex. Gen. Laws 3187 (amending TEX. EDUC. CODE § 12.1056).

[22] *Ante* at 14.

only indirectly, the Court concludes. But those kinds of policy decisions are exactly what sovereign immunity protects from the expense and necessity of defending lawsuits. The Court states that "no tax dollars are at stake in this suit".[23] But surely that is incorrect. University police departments, in effect, subsidize State law enforcement. Without those contributions, more tax dollars must be spent on law enforcement, or law enforcement must diminish, or both. The Court concludes that private university police department liability does not raise separation-of-powers concerns, but again, that is simply incorrect. The Court's decision that some police departments should be treated differently from others is surely a policy call for the Legislature. The Court should defer to legislative choices for public safety, not burden the choice to allow private university police departments. Finally, the Court worries that private university police departments are not publicly accountable. But those departments must account to the Legislature that created them, as well as to the Texas Commission on Law Enforcement.

Law enforcement and public safety are core government responsibilities, just as public education is. When the Legislature has chosen to enlist private resources in those functions   university police departments in the one and charter schools in the other   the actors should be treated the same. I would hold that private university police departments have the same immunity from suit and liability as public police departments. Accordingly, I respectfully dissent.

_____

Nathan L. Hecht

---

[23] *Ante* at 14.

8

Chief Justice

Opinion delivered: May 22, 2020

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below:

Envelope ID: 43191677
Status as of 05/22/2020 14:54:38 PM -05:00

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Matthew F.Wymer | | matthew.wymer@akerman.com | 5/22/2020 2:53:26 PM | SENT |
| Laurence S.Kurth | | laurence.kurth@akerman.com | 5/22/2020 2:53:26 PM | SENT |
| Mary Morales | | mary.morales@akerman.com | 5/22/2020 2:53:26 PM | SENT |
| Wallace Jefferson | 19 | wjefferson@adjtlaw.com | 5/22/2020 2:53:26 PM | SENT |
| Shannon Kathleen Dunn | 24074162 | shannon@shannondunnlaw.com | 5/22/2020 2:53:26 PM | SENT |
| Jorge Herrera | 24044242 | jherrera@herreralaw.com | 5/22/2020 2:53:26 PM | SENT |
| Amy Warr | 795708 | awarr@adjtlaw.com | 5/22/2020 2:53:26 PM | SENT |
| Brent Clark Perry | 15799650 | bperry@burfordperry.com | 5/22/2020 2:53:26 PM | SENT |
| Robert R. Burford | 3371700 | rburford@burfordperry.com | 5/22/2020 2:53:26 PM | SENT |
| Robert A. Valadez | 20421845 | rvaladez@shelton-valadez.com | 5/22/2020 2:53:26 PM | SENT |
| Mason Herring | 24071746 | mherring@herringlawfirm.com | 5/22/2020 2:53:26 PM | SENT |
| Frank Herrera | 9531000 | fherrera@herreralaw.com | 5/22/2020 2:53:26 PM | SENT |
| Rance Craft | | rance.craft@oag.texas.gov | 5/22/2020 2:53:26 PM | SENT |
| Cecilia Hertel | | cecilia.hertel@oag.texas.gov | 5/22/2020 2:53:26 PM | SENT |
| Javier Duran | | jduran@shelton-valadez.com | 5/22/2020 2:53:26 PM | ERROR |
| Gena Amerson | | gena.amerson@akerman.com | 5/22/2020 2:53:26 PM | ERROR |
| Cathi Trullender | | ctrullender@adjtlaw.com | 5/22/2020 2:53:26 PM | SENT |